Hart, J.,
dissenting. At the outset, let me say that I have no sympathy with the positions of the defendants, the espousal of which makes it necessary, in their view, to refuse to answer the questions submitted by the legislative committee. However, the defendants are entitled to all rights guaranteed to them by the constitutions and the laws of the land.
My dissent is directed to the subject discussed in division III of the majority opinion. The question involved is whether, even though the Ohio immunity statute therein referred to is sufficient to impose upon a witness the duty to testify without the necessity of invoking the privilege as to self-incrimination, the witness nevertheless has a right under the Fifth Amendment to refuse to answer questions in a state proceeding because answers to such questions may be used to incriminate him *557 in a federal prosecution wherein the Ohio immunity statute would not operate to give him protection.
The majority opinion says:
“* * * the state and national governments are held by the Supreme Court of the United States to be separate sovereign-ties, and protection by one in granting sufficient immunity within its domain is sufficient to impose upon the witness the duty of testifying without invoking the privilege of self-incrimination, without regard to protection against the other within its separate domain.
i i # * *
“We find no valid reason for disagreeing with the interpretations and applications by the Supreme Court of the United States, as hereinbefore set out, and conclude that the inability of the state of Ohio to provide immunity from possible federal prosecution does not defeat the immunity statute here under consideration, which grants complete immunity from prosecution by the state. ’ ’
In the case of Counselman v. Hitchcock, 142 U. S., 547, 35 L. Ed., 1110, 12 S. Ct., 195, the Supreme Court had before it the question of the right of a witness to refuse to testify before a federal grand jury in the Northern District of Illinois concerning an alleged violation of an “act to regulate commerce,” on the ground that his answer, if given, would tend to incriminate him. For refusal to answer Counselman was incarcerated. He brought a habeas corpus action to test his right to refuse to testify. In the opinion of the Circuit Court it was held that, although under the Fifth Amendment no person can be compelled to disclose facts before a court or grand jury which might subject him to a criminal prosecution, nevertheless, since the immunity provided by Section 860 of the Revised Statutes of the United States was coextensive with that of the Constitution, Counselman was entitled to no privilege under the Constitution. Section 860 of the Revised Statutes provided that no evidence obtained from a witness by means of a judicial proceeding shall be given in evidence or in any manner used against him in any court of the United States in any criminal proceeding or for the enforcement of any penalty or forfeiture.
The Supreme Court reversed the judgment of the Circuit Court and in the course of its opinion said:
*558 “It remains to consider whether Section 860 of the Revised Statutes removes the protection of the constitutional privilege of Counselman. That section must be construed as declaring that no evidence obtained from a witness by means of a judicial proceeding shall be given in evidence, or in any manner used against him or his property or estate, in any court of the United States, in any criminal proceeding, or for the enforcement of any penalty or forfeiture. It follows, that any evidence which might have been obtained from Counselman by means of his examination before the grand jury could not be given in evidence or used against him or his property in any court of the United States, in any criminal proceeding, or for the enforcement of any penalty or forfeiture. This, of course, protected him against the use of his testimony against him or his property in any prosecution against him or his property, in any criminal proceeding, in a court of the United States. But it had only that effect. It could not, and would not, prevent the use of his testimony to search out other testimony to be used in evidence against him or his property, in a criminal proceeding in such court. It could not prevent the obtaining and the use of witnesses and evidence which should be attributable directly to the testimony he might give under compulsion, and on which he might be convicted, when otherwise, and if he had refused to answer, he could not possibly have been convicted. * * *
< < * * *
“It is quite clear that legislation can not abridge a constitutional privilege, and that it can not replace or supply one, at least unless it is so broad as to have the same extent in scope and effect. It is to be noted of Section 860 of the Revised Statutes that it does not undertake to compel self-criminating evidence from a party or a witness. In several of the state statutes above referred to, the testimony of the party or witness is made compulsory, and in some either all possibility of a future prosecution of the party or witness is distinctly taken away, or he can plead in bar or abatement the fact that he was compelled to testify.
“We are clearly of opinion that no statute which leaves the party or witness subject to prosecution after he answers the criminating questions put to -him, can have the effect of sup *559 planting the privilege conferred by the Constituton of the United States. Section 860 of the Revised Statutes does not supply a complete protection from all the perils'against which the constitutional prohibition was designed to guard, and is not a full substitute for that prohibition. In view of the constitutional provision, a statutory enactment, to be valid, must afford absolute immunity against future prosecution for the offense to which the question relates. * * *” (Italics supplied.)
Specifically, the court in that case held, as stated in the headnotes to the S. Ct. report:
“1. The privilege given by the Fifth Amendment to the Constitution that no person shall be compelled in any criminal case to be a witness against himself extends to a proceeding before a grand jury.
i i # # #
“3. Section 860 of the Revised Statutes, which provides that the evidence of a person shall not be used against him in any proceeding for a crime or penalty, or forfeiture, does not take away his privilege, given by the Constitution, that he shall not be compelled in any criminal case to be a witness against himself.
“4. A witness is protected by the constitutional provision from being compelled to disclose the circumstances of his offense, or the sources from which or the means by which evidence of its commission, or of his connection with it, may be obtained or made effectual for his conviction.
“5. Legislation cannot abridge a constitutional privilege, and cannot replace or supply one, at least unless it is so broad as to have the same extent in scope and effect.
“6. No statute which leaves the party or witness subject to prosecution after he answers the criminating question put to him, can have the effect of supplanting the privilege conferred by the Constitution of the United States.
< < * * *
“8. In view of the constitutional provision, a statutory enactment, to be valid, must afford absolute immunity against future prosecution for the offense to which the question relates.”
The judgment of the Supreme Court of the United States in the Counselman case was approved in the .later case of United *560 States v. Bryan, 339 U. S., 323, 94 L. Ed., 884, 70 S. Ct., 724, in which the provisions of Section 859 of the Revised Statutes of the United States were under consideration. The court said:
“We need not set out the history of the statute in detail. It should be noted, however, that its function was to provide an immunity in subsequent criminal proceedings to witnesses before congressional committees, in return for which it was thought that witnesses could be compelled to give self-incriminating testimony. That purpose was effectively nullified in 1892 by this court’s decision in Counselman v. Hitchcock * * * holding that R. S. Section 860, a statute identical in all material respects with R. S. Section 859, was not a sufficient substitute for the constitutional privilege of refusing to answer self-incriminating questions. Under that decision, a witness who is offered only the partial protection of a statute such as Sections 859 and 860 — that his testimony may not be used against him in subsequent criminal proceedings — rather than complete immunity from prosecution for any act concerning which he testifies may claim his privilege and remain silent with impunity.”
It is true that the Ohio immunity statute provides not only that the testimony of a witness before such a committee shall not be used as evidence in a criminal proceeding against him, but that a person shall not “be prosecuted or subjected to a penalty or forfeiture for or on account of a transaction, matter or thing concerning which he so testifies. ’ ’ However, although a witness may refuse to testify in a federal court as to matters tending to incriminate him, he can not prevent the use in a federal court of testimony of the same character voluntarily given by him in a state court under a state immunity statute. Feldman v. United States, 322 U. S., 487, 88 L. Ed., 1408, 64 S. Ct., 1082, 154 A. L. R., 982.
How then, notwithstanding some apparent obiter in decisions of the federal Supreme Court, can a state immunity statute, which compels a witness to answer questions which incriminate him and which admittedly in turn may be used to incriminate him in a federal prosecution where the state immunity statute even against prosecution is wholly inoperative to protect him, be 'valid in view of the constitutional rights of the witness under the Fifth Amendment to the federal Constitution among *561 which is the over-all right to avoid compulsory self-incrimination?
In the instant cases, where the claimed subversive acts of the defendants as against the state government may also be the basis of a prosecution by the federal government for subversive acts against it or the states, I am of the opinion that under the protection of the Fifth Amendment these defendants could lawfully refuse to answer incriminating questions before the legislative committee, notwithstanding the purported protection of the state immunity statute.